**Erin K. Olson, OSB 934776**
eolson@erinolsonlaw.com
Law Office of Erin Olson, P.C.
2014 NE Broadway St.
Portland, Oregon 97232
Phone: 503-546-3150
Fax: 503-548-4435

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| N.S., a Minor, by and through Timothy Marble, her Conservator,<br><br>Plaintiff,<br><br>v.<br><br>STEVEN DOUGLAS ROCKETT,<br><br>Defendant. | Case No. 3:16-cv-2171-AC<br><br>**DECLARATION OF ERIN K. OLSON IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

I, Erin K. Olson, hereby declare as follows:

1.     I am the plaintiff's attorney in this lawsuit.

2.     Attached hereto as <u>Exhibit 1</u> is a true copy of the Indictment in *State of Oregon v. Steven Douglas Rockett*, Washington County Circuit Court Case No. C131929CR, with plaintiff's name redacted except for her initials, and with the names of the other minor victims fully redacted.

3.     Attached hereto as <u>Exhibit 2</u> is a true copy of the Judgment of Conviction and Sentence in *State of Oregon v. Steven Douglas Rockett*, Washington County Circuit Court Case No. C131929CR, with plaintiff's name redacted except for her

initials, and with the names of the other minor victims fully redacted.

4.      Attached hereto as <u>Exhibit 3</u> is a true copy of the redacted version of the Second

Superseding Indictment in *United States v. Steven Douglas Rockett*, Case No.

3:13-CR-00557-SI, which I obtained from PACER (Dkt. No. 57).  Plaintiff

herein, N.S., is the alleged victim in Count Six of the Second Superseding

Indictment.  Count Six alleges a violation of 18 U.S.C. §§ 2251(a) and (e).

5.      Attached hereto as <u>Exhibit 4</u> is a true copy of the redacted version of the Verdict

in *United States v. Steven Douglas Rockett*, Case No. 3:13-CR-00557-SI, which I

obtained from PACER (Dkt. No. 136).

6.      Attached hereto as <u>Exhibit 5</u> is a true copy of the Judgment in a Criminal Case in

*United States v. Steven Douglas Rockett*, Case No. 3:13-CR-00557-SI, which I

obtained from PACER (Dkt. No. 151).

**I declare under penalty of perjury under the laws of the United States of America**

**and the State of Oregon that the foregoing is true and correct.**

EXECUTED this 15th day of May, 2017.

s/ Erin K. Olson
Erin K. Olson, OSB No. 934776
*Attorney for Plaintiff N.S.*

FILED
EXHIBIT 1
Page 1 of 3

3:54 p.m
WASHINGTON COUNTY CIRCUIT COURT

## IN THE CIRCUIT COURT OF THE STATE OF OREGON FOR WASHINGTON COUNTY

STATE OF OREGON,

              Plaintiff,

    vs.

STEVEN DOUGLAS ROCKETT,

              Defendant.

No.  C131929CR

INDICTMENT - Secret

The above named defendant is accused by the Grand Jury of Washington County by this indictment of the crime(s) of

| | |
|---|---|
| Count 1: | UNLAWFUL SEXUAL PENETRATION IN THE FIRST DEGREE  (FSG= 10; A Felony; ORS 163.411) |
| Count 2: | SEX ABUSE IN THE FIRST DEGREE  (FSG= 8; B Felony; ORS 163.427) |
| Count 3: | SEX ABUSE IN THE FIRST DEGREE  (FSG= 8; B Felony; ORS 163.427) |
| Count 4: | USING CHILD IN DISPLAY OF SEXUALLY EXPLICIT CONDUCT  (FSG= 8; A Felony; ORS 163.670) |
| Count 5: | SEX ABUSE IN THE FIRST DEGREE  (FSG= 8; B Felony; ORS 163.427) |
| Count 6: | SEX ABUSE IN THE FIRST DEGREE  (FSG= 8; B Felony; ORS 163.427) |
| Count 7: | SODOMY IN THE SECOND DEGREE  (FSG= 8; B Felony; ORS 163.395) |
| Count 8: | SODOMY IN THE SECOND DEGREE  (FSG= 8; B Felony; ORS 163.395) |
| Count 9: | RAPE IN THE SECOND DEGREE  (FSG= 8; B Felony; ORS 163.365) |
| Count 10: | RAPE IN THE SECOND DEGREE  (FSG= 8; B Felony; ORS 163.365) |
| Count 11: | USING CHILD IN DISPLAY OF SEXUALLY EXPLICIT CONDUCT  (FSG= 8; A Felony; ORS 163.670) |
| Count 12: | USING CHILD IN DISPLAY OF SEXUALLY EXPLICIT CONDUCT  (FSG= 8; A Felony; ORS 163.670) |
| Count 13: | SEX ABUSE IN THE FIRST DEGREE  (FSG= 8; B Felony; ORS 163.427) |
| Count 14: | SEX ABUSE IN THE FIRST DEGREE  (FSG= 8; B Felony; ORS 163.427) |

committed as follows:

COUNT 1
The defendant, on or between January 1, 2003 and July 4, 2009, in Washington County, Oregon, did unlawfully and knowingly penetrate the vagina of ███████████, a person under the age of twelve years, with an object to wit: finger(s).

COUNT 2
The defendant, on or between January 1, 2003 and July 4, 2011, in Washington County, Oregon, did unlawfully and knowingly subject ███████████ a person under the age of 14 years, to sexual contact by touching her vagina, a sexual or intimate part of ███████████.

COUNT 3
The defendant, on or between January 1, 2003 and July 4, 2011, in Washington County, Oregon, did unlawfully and knowingly subject ███████████ a person under the age of 14 years, to sexual contact by touching her vagina, a sexual or intimate part of ███████████.

COUNT 4
The defendant, on or between January 1, 2003 and December 24, 2012, in Washington County, Oregon, did unlawfully and knowingly employ, authorize, permit, compel or induce ████████████, a child, to participate in or engage in sexually explicit conduct for a person to record in a visual recording.

COUNT 5
The defendant, on or between January 1, 2003 and December 24, 2008, in Washington County, Oregon, did unlawfully and knowingly subject ███████████ a person under the age of 14 years, to sexual contact by touching her vagina, a sexual or intimate part of ██████████.

COUNT 6
The defendant, on or between January 1, 2003 and December 24, 2008, in Washington County, Oregon, did unlawfully and knowingly subject ███████████ a person under the age of 14 years, to sexual contact by touching her vagina, a sexual or intimate part of ██████████.

COUNT 7
The defendant, on or between January 1, 2003 and March 10, 2013, in Washington County, Oregon, did unlawfully and knowingly engage in deviate sexual intercourse with N███ S███████, a child under fourteen years of age.

COUNT 8
The defendant, on or between January 1, 2003 and March 10, 2013 in Washington County, Oregon, did unlawfully and knowingly engage in deviate sexual intercourse with N███ S███████, a child under fourteen years of age.

COUNT 9
The defendant, on or between January 1, 2003 and March 10, 2013, in Washington County, Oregon, did unlawfully and knowingly engage in sexual intercourse with N███ S███████, a child under the age of fourteen years.

COUNT 10
The defendant, on or between January 1, 2003 and March 10, 2013, in Washington County, Oregon, did unlawfully and knowingly engage in sexual intercourse with N███ S███████, a child under the age of fourteen years.

COUNT 11
The defendant, on or between January 1, 2003 and March 10, 2013, in Washington County, Oregon, did unlawfully and knowingly employ, authorize, permit, compel or induce N███ S███████, a child, to participate in or engage in sexually explicit conduct for a person to record in a visual recording.

COUNT 12
The defendant, on or between January 1, 2003 and March 10, 2013, in Washington County, Oregon, did unlawfully and knowingly employ, authorize, permit, compel or induce N███ S███████, a child, to participate in or engage in sexually explicit conduct for a person to record in a visual recording.

COUNT 13
The defendant, on or between January 1, 2003 and March 10, 2013 in Washington County, Oregon, did unlawfully and knowingly subject N███ S███████ a person under the age of 14 years, to sexual contact by touching her vagina, a sexual or intimate part of N███ S███████.

**EXHIBIT 1**
**Page 3 of 3**

COUNT 14
The defendant, on or between January 1, 2003 and March 10, 2013, in Washington County, Oregon, did unlawfully and knowingly subject ███████ █████ a person under the age of 14 years, to sexual contact by touching her vagina, a sexual or intimate part of N███ S███████.

The State further alleges that all of the charges are out of separate acts and transactions and are of the same or similar character.

The State further alleges that each of the victims charged in this indictment were under the age of 18 at the time of the crime and are under the age of 30 years currently. Further, that these offenses were not reported to a law enforcement agency or the Department of Human Services more than 12 years ago.

contrary to the statutes and against the peace and dignity of the State of Oregon

It is hereby affirmatively declared for the record, upon appearance of the defendant for arraignment, and before the Court asks how the defendant pleads to the charges, that the State intends that any misdemeanor offenses charged herein each proceed as a misdemeanor.

Dated: September 3, 2013

Witnesses subpoenaed, examined and appeared in person unless otherwise indicated before the Grand Jury for the State of Oregon:

Erika Cox
N███████ S███████
████████████

A TRUE BILL

Foreperson of the Grand Jury

BOB HERMANN, District Attorney

Dustin Staten
Deputy District Attorney
Oregon State Bar # 034649

DA # 314112
HBS 13-512146
DOB 02/22/1969
FPC #: JWAS213200790
☒ Security Amount - $3,500,000

EXHIBIT 2
Page 1 of 4

OREGON JUDICI~~
WASHIN~~ COUNTY
2015 JUL -6 AM 8: 05

1

2              **IN THE CIRCUIT COURT OF THE STATE OF OREGON**

3                       **FOR THE COUNTY OF WASHINGTON**

4    STATE OF OREGON,

                                        Plaintiff;        Case No.  C131929CR (DA 314112)
5
            vs.                                           **JUDGMENT OF CONVICTION**
6    STEVEN DOUGLAS ROCKETT,                              **AND SENTENCE**

7                                       Defendant.

8          This matter came before Judge Andrew R. Erwin on March 17, 2015 for sentencing.  The

9    State of Oregon appeared by Dustin Staten and Paul Maloney, Deputy District Attorneys, and the

10   defendant appeared in person, with retained counsel, Richard D. Cohen, Andrew D. Coit, and

11   Chelsea Payment.

12         It appears to the Court that the defendant has been indicted, arraigned, tried and found guilty

13   by jury verdict of the crimes of Sexual Abuse in the First Degree (Class B Felony, crime

14   seriousness 8, criminal history I) in Count 2; Sexual Abuse in the First Degree (Class B Felony,

15   crime seriousness 8, criminal history D) in Count 3; Using a Child in Display of Sexually Explicit

16   Conduct (Class A Felony, crime seriousness 8, criminal history B) in Count 4; Sexual Abuse in the

17   First Degree (Class B Felony, crime seriousness 8, criminal history A) in Counts 5, 6, 13, and 14;

18   Sodomy in the Second Degree (Class B Felony, crime seriousness 8, criminal history A) in Counts

19   7 and 8; and Rape in the Second Degree (Class B Felony, crime seriousness 8, criminal history A)

20   in Counts 9 and 10, and Using a Child in Display of Sexually Explicit Conduct (Class A Felony,

21   crime seriousness 8, criminal history A) in Counts 11 and 12.  A judgment of acquittal was ordered

22   as to Count 1.

23         It further appears to the Court that more than 48 hours have passed since said verdict was

     rendered, and there appears no good cause why sentence should not now be passed.

Page 1 – JUDGMENT OF CONVICTION AND SENTENCE (C131929CR)

EXHIBIT 2
Page 2 of 4

1    It is therefore CONSIDERED, ORDERED AND ADJUDGED by the Court that, pursuant

2    to ORS 137.700 (Ballot Measure 11), defendant be committed to the legal and physical custody of

3    the Corrections Department of the State of Oregon for a period of seventy-five (75) months in each

4    of Counts 2, 3, 5, 6, 7, 8, 9, 10, 13, and 14; seventy (70) months in Count 4; three hundred (300)

5    months in each of Counts 11 and 12.  It is further ORDERED that the sentences imposed in Counts

6    2, 5, 9, 11, and 13 be served consecutively to each other.  Defendant shall serve the entire six

7    hundred (600) months imposed by the Court.  Defendant is not eligible for release on post-prison

8    supervision, early release, or any form of leave or temporary leave from custody.  Defendant is not

9    eligible for any reduction of this sentence for any reason whatsoever under ORS 421.120, ORS

10   421.121, or any other statute.

11   It is further ORDERED that the term of post-prison supervision shall be for a period of ten

12   (10) years minus time served in Counts 2, 3, 5, 6, 7, 8, 9, 10, 13, and 14; and three (3) years in

13   Counts 4, 11, and 12.  Violation of post-prison supervision shall subject defendant to sanctions or

14   additional imprisonment.

15   Further, the Court recommends the following conditions be made a part of defendant's post-

16   prison supervision:

17   1.  The defendant shall have no direct or indirect contact with the victims, Nicole Schneider,

18       ███████████, N███ S███████; nor shall the defendant enter onto the premises, or within
         100 yards, of where the victims reside, work or attend school without the prior written
         permission of the supervising officer.

19

20   2.  The defendant shall not have any contact whatsoever with any minors without the prior written
         permission of the supervising officer.

21   3.  The defendant shall not be at any residence where minor children are residing without the prior
         written permission of the supervising officer.

22

23   4.  The defendant shall not be at any place where persons under 18 years of age regularly
         congregate without the prior written permission of the supervising officer.

5. The defendant shall undergo a complete sex offender evaluation at the direction of the supervising officer.

6. The defendant shall enter and successfully complete a sex offender treatment program approved by the defendant's supervising officer. The program may include polygraph and plethysmograph testing. The defendant is responsible for paying for the treatment program.

7. The defendant unless otherwise required under the sex offender treatment program condition, shall not view, listen to, own or possess any sexually stimulating visual or auditory materials that are relevant to the defendant's deviant behavior. Defendant shall consent to search of defendant's computer or other electronic equipment by the supervising officer, or their representative, if the supervising officer has reasonable grounds to believe that evidence of a violation will be found.

8. The defendant shall waive all client/psychotherapist privilege.

9. The defendant shall bear financial responsibility, as directed by the supervising officer, for any counseling, therapy, treatment and medical costs incurred by the victim as a result of this offense.

Further, it shall be the sentence of the Court that the defendant submit a blood or buccal sample at defendant's own expense, unless defendant lacks the ability to pay, to the Oregon State Police for the purposes of establishing a DNA profile.

It is further ORDERED that the defendant shall register as a sex offender with the proper authorities for the rest of defendant's life and that the defendant be required to update the registration as required by law.

At the time of sentencing, the ruling on payment of fines and fees was deferred until June 5, 2015. However, by ruling of the Court on June 19, 2015, fines and court appointed attorney fees are waived, restitution and compensatory fines were determined as set forth in the Money Award section of this order.

It is further ORDERED that the security deposit posted and forfeited, be reinstated, and minus the statutory fee, be applied to court ordered financial obligations in this matter.

## MONEY AWARD

The State of Oregon is the creditor and the defendant, Steven Douglas Rockett, is the debtor.

Page 3 – JUDGMENT OF CONVICTION AND SENTENCE (C131929CR)

**EXHIBIT 2**
**Page 4 of 4**

1.  $139,763.27   Fine.
                  Pay a compensatory fine to victims as follows:

$34,940.82 to ███████████, c/o The Law Office of Josh Lamborn
PC, 820 SW 2ⁿᵈ Ave Ste 280, Portland OR  97204

$69,881.63 to N███ S███████, c/o The Law Office of Erin Olson PC,
2014 NE Broadway St, Portland OR  97232.  The Court further orders
that a conservatorship be established to manage the distribution of these
funds for the benefit of the victim.

$34,940.82 to ███████████, c/o The Law Office of Josh Lamborn
PC, 820 SW 2ⁿᵈ Ave Ste 280, Portland OR  97204

2.  $9,486.73    Victim Restitution.
                 Pay as follows:

$8,036.73 to Legacy Emanuel Hospital and Health Center, dba CARES
Northwest, 2800 N Vancouver Ave Ste 201, Portland OR  97227; Ref:
CNWR112 and CNWR113

$1,450.00 to Kaiser Permanente, Patient Financial Services, 7201 N
Interstate, Portland OR  97217-9978; Ref: HRN# 43038060 for ████
████

**TOTAL MONEY AWARD:  $149,250.00**

   All financial obligations specified in the Money Award shall be made payable to the State of

Oregon and shall be paid through the Clerk of the Court (150 North First Avenue, First Floor,

Hillsboro, Oregon 97124).  Payments shall be disbursed by the Clerk of the Court as set forth in

ORS 137.289.

   Dated this  2  day of  July,                        , 2015.

                                        _Andrew R. Erwin_ (signature)
                                        Judge Andrew R. Erwin

Court Reporter: FTR (422J)
cc: Cohen & Coit PC  6-22-15
Control #: JWAS213200790
sej

Page 4 – JUDGMENT OF CONVICTION AND SENTENCE (C131929CR)

**EXHIBIT 3**
**Page 1 of 6**

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3:13-CR-00557-SI** |
| **v.** | **SECOND SUPERSEDING INDICTMENT** |
| **STEVEN DOUGLAS ROCKETT,** | **18 U.S.C. §§ 2251(a), (c) and (e);** |
| **Defendant.** | **2423(c) and (e); and** |
| | **2252A(a)(5)(B) and (b)(2)** |

**Forfeiture Allegations**

### THE GRAND JURY CHARGES:

### COUNT 1
### (Producing Child Pornography)
### (18 U.S.C §§ 2251(c) and (e))

From on or about January 23, 2000, to on or about January 29, 2013, in the District of Oregon and elsewhere, defendant **STEVEN DOUGLAS ROCKETT**, whose last known residence was in the District of Oregon, knowingly and unlawfully employed, used, persuaded, induced, enticed, and coerced minors to engage in sexually explicit conduct outside of the United States, its territories or possessions, for the purpose of producing visual depictions of such conduct and intending such depictions to be transported to the United States by means or facilities of interstate or foreign commerce, and did attempt to do so;

In violation of Title 18, United States Code, Sections 2251(c) and (e).

**EXHIBIT 3**
**Page 2 of 6**

## COUNT 2
### (International Travel and Engaging in Illicit Sexual Conduct with a Minor)
### (18 U.S.C §§ 2423(c) and (e))

From on or about October 10, 2007, to on or about October 28, 2007, defendant

**STEVEN DOUGLAS ROCKETT**, a citizen of the United States, did knowingly travel in

foreign commerce from the State of Oregon to the country of the Philippines and engage in illicit

sexual conduct with another person, and did attempt to do so;

In violation of Title 18, United States Code, Sections 2423(c) and (e).

## COUNT 3
### (International Travel and Engaging in Illicit Sexual Conduct with a Minor)
### (18 U.S.C §§ 2423(c) and (e))

From on or about January 27, 2010, to on or about February 16, 2010, defendant

**STEVEN DOUGLAS ROCKETT**, a citizen of the United States, did knowingly travel in

foreign commerce from the State of Oregon to the country of the Philippines and engage in illicit

sexual conduct with another person, and did attempt to do so;

In violation of Title 18, United States Code, Sections 2423(c) and (e).

## COUNT 4
### (Producing Child Pornography)
### (18 U.S.C §§ 2251(a) and (e))

From on or about May 6, 2013, through on or about June 11, 2013, in the District of

Oregon, defendant **STEVEN DOUGLAS ROCKETT** knowingly and unlawfully employed,

used, persuaded, induced, enticed, or coerced "MG," a minor, to engage in sexually explicit

conduct for the purpose of producing a visual depiction of said conduct, and did attempt to do so,

said depictions having been produced using materials that had been mailed, shipped, or

transported in or affecting interstate or foreign commerce by any means, including by computer;

In violation of Title 18, United States Code, Sections 2251(a) and (e).

Second Superseding Indictment                                                                 Page 2

**EXHIBIT 3**
**Page 3 of 6**

## COUNT 5
### (Producing Child Pornography)
### (18 U.S.C §§ 2251(a) and (e))

From on or about April 26, 2013, through on or about June 22, 2013, in the District of Oregon, defendant **STEVEN DOUGLAS ROCKETT** knowingly and unlawfully employed, used, persuaded, induced, enticed, or coerced "HJ," a minor, to engage in sexually explicit conduct for the purpose of producing a visual depiction of said conduct, and did attempt to do so, said depiction having been produced using materials that had been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer;

In violation of Title 18, United States Code, Sections 2251(a) and (e).

## COUNT 6
### (Producing Child Pornography)
### (18 U.S.C. §§ 2251(a) and (e))

From on or about May 2, 2013, through on or about June 22, 2013, in the District of Oregon, defendant **STEVEN DOUGLAS ROCKETT** knowingly and unlawfully employed, used, persuaded, induced, enticed, or coerced "NS," a minor, to engage in sexually explicit conduct for the purpose of producing a visual depiction of said conduct, and attempted to do so, said depiction having been produced using materials that had been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer;

In violation of Title 18, United States Code, Sections 2251(a) and (e).

**EXHIBIT 3**
**Page 4 of 6**

## 7
### (Producing Child Pornography)
### (18 U.S.C. §§ 2251(a) and (e))

From on or about November 10, 2004, through on or about September 12, 2012, in the District of Oregon, defendant **STEVEN DOUGLAS ROCKETT** knowingly and unlawfully employed, used, persuaded, induced, enticed, or coerced "DS," a minor, to engage in sexually explicit conduct for the purpose of producing a visual depiction of said conduct, and attempted to do so, said depiction having been produced using materials that had been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer;

In violation of Title 18, United States Code, Sections 2251(a) and (e).

### COUNT 8
### (Producing Child Pornography)
### (18 U.S.C. §§ 2251(a) and (e))

From on or about November 10, 2004, through on or about September 12, 2012, in the District of Oregon, defendant **STEVEN DOUGLAS ROCKETT** knowingly and unlawfully employed, used, persuaded, induced, enticed, or coerced "BS," a minor, to engage in sexually explicit conduct for the purpose of producing a visual depiction of said conduct, and attempted to do so, said depiction having been produced using materials that had been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer;

In violation of Title 18, United States Code, Sections 2251(a) and (e).

**EXHIBIT 3**
**Page 5 of 6**



## COUNT 9
### (Possession of Child Pornography)
### (18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2))

On or about August 23, 2013, in the District of Oregon, defendant **STEVEN DOUGLAS ROCKETT** knowingly and unlawfully possessed images of child pornography, as defined in Title 18, United States Code, Section 2256(8), which contained visual depictions of minors engaged in sexually explicit conduct, such images having been shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, or having been produced using materials that were shipped or transported in or affecting interstate or foreign commerce by any means, including by computer;

In violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and (b)(2).

## FIRST FORFEITURE ALLEGATION

Upon conviction of any offense in Count 1 and Counts 4-9 of this indictment, defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 2253, any and all matter which contains visual depictions produced, transported, or possessed in violation thereof, and any and all property used or intended to be used in any manner or part to commit or to promote the commission of those violations.



## SECOND FORFEITURE ALLEGATION

Upon conviction of any offense in Counts 2 and 3 of this indictment, defendant shall

forfeit to the United States pursuant to 18 U.S.C. § 2428 any and all property, real or personal,

that was used or intended to be used to commit or facilitate the commission of those offenses,

and any property, real or personal, constituting or derived from any proceeds obtained directly as

a result of those offenses(s).

Dated this *16* day of December 2015.

A TRUE BILL.


OFFICIATING FOREPERSON

Presented by:

BILLY J. WILLIAMS
United States Attorney

PAUL T. MALONEY
Special Assistant United States Attorney

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

v.

STEVEN DOUGLAS ROCKETT,

Defendant.

Case No. 3:13-cr-00557-SI

**VERDICT**

We the Jury, being duly empaneled and sworn, hereby return the following

verdicts regarding the Defendant, STEVEN DOUGLAS ROCKETT:

**COUNT 1:**   Producing Child Pornography Outside of the United States

_____ Not Guilty          ✓_____ Guilty

**COUNT 2:**   Engaging in Illicit Sexual Conduct in Foreign Places (2007)

_____ Not Guilty          ✓_____ Guilty

**COUNT 3:**   [*Count Three is no longer in this case.*]

**COUNT 4:**   Attempting to Produce Child Pornography ("MG")

_____ Not Guilty          ✓_____ Guilty

PAGE 1 – VERDICT

**EXHIBIT 4**
**2 of 2**

**COUNT 5**:   Attempting to Produce Child Pornography ("HJ")

_____ Not Guilty          ✓_____ Guilty

**COUNT 6**:   Attempting to Produce Child Pornography ("NS")

_____ Not Guilty          ✓_____ Guilty

**COUNT 7**:   Producing or Attempting to Produce Child Pornography ("DS")

_____ Not Guilty          ✓_____ Guilty

**COUNT 8**:   Producing or Attempting to Produce Child Pornography ("BS")

_____ Not Guilty          ✓_____ Guilty

**COUNT 9**:   Possession of Child Pornography

_____ Not Guilty          ✓_____ Guilty

Dated this _24_ day of May, 2016.

PAGE 2 – VERDICT

AO 245B    Judgment in a Criminal Case - DISTRICT OF OREGON CUSTOMIZED (Rev. 5/2016)
Sheet 1

**EXHIBIT 5**
**Page 1 of 7**

# UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **JUDGMENT IN A CRIMINAL CASE** |
| Plaintiff, | |
| | Case No.: 3:13-CR-00557-SI-1 |
| v. | USM Number: 75742-065 |
| **STEVEN DOUGLAS ROCKETT** | Andrew D. Coit and Cheslea B. Payment |
| Defendant. | Defendant's Attorney |
| | Paul T. Maloney and Gary Y. Sussman, |
| | Assistant U.S. Attorney |

**THE DEFENDANT:**

☒was found guilty on count(s) 1, 2, and 4 through 9 of the Second Superseding Indictment after a jury trial. The defendant is adjudicated guilty of the following offense(s):

| Title, Section & Nature of Offense | | Date Offense Concluded | Count Number |
|---|---|---|---|
| 18:2251(c) and (e) - Producing Child Pornography | - | Beginning on or about 1/23/2000 and continuing until 1/29/2013 | 1ss |
| 18:2423(c) and (e) - International Travel and Engaging in Illicit Sexual Conduct with a Minor | - | Beginning on or about 10/10/2007 and continuing until 10/28/2007 | 2ss |
| 18:2251(a) and (e) - Producing Child Pornography | - | Beginning on or about 5/6/2013 and continuing until 6/11/2013 | 4ss |
| 18:2251(a) and (e) - Producing Child Pornography | - | Beginning on or about 4/26/2013 and continuing until 6/22/2013 | 5ss |
| 18:2251(a) and (e) – Producing Child Pornography | - | Beginning on or about 5/2/2013 and continuing until 6/22/2013 | 6ss |
| 18:2251(a) and (e) – Producing Child Pornography | - | Beginning on or about 11/10/2004 and continuing until 9/12/2012 | 7ss |
| 18:2251(a) and (e) – Producing Child Pornography | - | Beginning on or about 11/10/2004 and continuing until 9/12/2012 | 8ss |
| 18:2252A(a)(5)(B) and (b)(2) - Possession of Child Pornography | - | On or about 8/23/2013 | 9ss |

The defendant is sentenced as provided in pages 2 through 7 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☒Count(s) Count 3 of the Second Superseding Indictment and the underlying indictments are dismissed on the motion of the United States.

☒The defendant shall pay a special assessment of $800 for Count(s) 1, 2, and 4 through 9 of the Second Superseding Indictment payable immediately to the Clerk of the U.S. District Court. (See also the Criminal Monetary Penalties Sheet.)

**IT IS ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

September 08, 2016
Date of Imposition of Sentence

_____
Signature of Judicial Officer

Michael H. Simon, U.S. District Judge
Name and Title of Judicial Officer

September 13, 2016
Date

EXHIBIT 5
Page 2 of 7

AO 245B    Judgment in a Criminal Case - DISTRICT OF OREGON CUSTOMIZED (Rev. 5/2016)
           Sheet 2 - Imprisonment

DEFENDANT: STEVEN DOUGLAS ROCKETT                                    Judgment-Page 2 of 7
CASE NUMBER: 3:13-CR-00557-SI-1

# IMPRISONMENT

As to Count 1 of the Second Superseding Indictment, the defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a term of One hundred-eighty (180) months, said sentence to be served consecutively to the sentence imposed in Washington County Case Nos. C131929Cr and C132673Cr.

As to Count 2 of the Second Superseding Indictment, the defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a term of One hundred-eighty (180) months, said sentence to be served concurrently with the sentence imposed in Count 1, and consecutively to the sentence imposed in Washington County Case Nos. C131929Cr and C132673Cr.

As to Count 4 of the Second Superseding Indictment, the defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a term of One hundred-eighty (180) months, said sentence to be served concurrently with the sentence imposed in Count 1, and consecutively to the sentence imposed in Washington County Case Nos. C131929Cr and C132673Cr.

As to Count 5 of the Second Superseding Indictment, the defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a term of One hundred-eighty (180) months, said sentence to be served concurrently with the sentence imposed in Count 1, and consecutively to the sentence imposed in Washington County Case Nos. C131929Cr and C132673Cr.

As to Count 6 of the Second Superseding Indictment, the defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a term of One hundred-eighty (180) months, said sentence to be served consecutively to all counts and concurrent to the sentence imposed in Washington County Case Nos. C131929Cr and C132673Cr.

As to Count 7 of the Second Superseding Indictment, the defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a term of One hundred-eighty (180) months, said sentence to be service consecutively to all counts and consecutively to the sentence imposed in Washington County Case Nos. C131929Cr and C132673Cr.

As to Count 8 of the Second Superseding Indictment, the defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a term of One hundred-eighty (180) months, said sentence to be service consecutively to all counts and consecutively to the sentence imposed in Washington County Case Nos. C131929Cr and C132673Cr.

As to Count 9 of the Second Superseding Indictment, the defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a term of eighty-four months (84) months, said sentence to be served concurrently with all counts and concurrently to the sentence imposed in Washington County Case Nos. C131929Cr and C132673Cr.

☒ The court makes the following recommendations to the Bureau of Prisons:

    1.    That the defendant be incarcerated in FCI Sheridan to be near family who live in the area

☒ The defendant is remanded to the custody of the United States Marshal.

> The Bureau of Prisons will determine the amount of prior custody that may be credited towards the service of sentence as authorized by Title 18 USC §3585(b) and the policies of the Bureau of Prisons.

# RETURN

I have executed this judgment as follows:

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

                                            _____

                                            UNITED STATES MARSHAL

               By: _____

                                            DEPUTY UNITED STATES MARSHAL

DEFENDANT: STEVEN DOUGLAS ROCKETT
CASE NUMBER: 3:13-CR-00557-SI-1                                           Judgment-Page 3 of 7

## SUPERVISED RELEASE

As to Counts 1, 2,  and 4 through 9, and upon release from imprisonment, the defendant shall be on supervised release for a term of **Life** .

The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.  (Check, if applicable.)

If this judgment imposes a fine or restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties section of this judgment.

The defendant shall comply with the Standard Conditions of Supervised Release that have been adopted by this court as set forth in this judgment.  The defendant shall also comply with the Special Conditions of Supervision as set forth below and any additional conditions attached to this judgment.

## SPECIAL CONDITIONS OF SUPERVISION

1.  The defendant shall cooperate in the collection of DNA as directed by the probation officer, if required by law.

2.  The defendant shall pay full restitution to the victim identified in the presentence report in an amount to be determined in 90 days. If there is any unpaid balance at the time of the defendant's release from custody, it shall be paid at the maximum installment possible and not less than $100 per month.

3.  To the extent there is any unpaid restitution, the defendant is prohibited from incurring new credit charges or opening additional lines of credit without the approval of the probation officer.

4.  To the extent there is any unpaid restitution, the defendant shall disclose all assets and liabilities to the probation officer. Defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the probation officer.

5.  To the extent there is any unpaid restitution, the defendant shall authorize release to the U.S. Probation Officer any and all financial information by execution of a release of financial information form, or by any other appropriate means, as directed by the probation officer.

6.  The defendant shall participate in a sex offender assessment and treatment program, as directed by the probation officer. The defendant shall abide by all rules and requirements of such program. This assessment and treatment program may include the use of the polygraph to assist in case planning and case monitoring.

7.  The defendant shall not view, purchase, or possess (1) any materials including visual depictions of minors under the age of 18 engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256(2); or (2) any materials depicting sexually explicit conduct involving adults.

8.  The defendant is prohibited from being present within 100 feet of places where minor children under the age of 18 congregate, such as playgrounds and schools, unless approved by the probation officer.

**EXHIBIT 5**
**Page 4 of 7**

DEFENDANT: STEVEN DOUGLAS ROCKETT                                                    Judgment-Page 4 of 7
CASE NUMBER: 3:13-CR-00557-SI-1

9.    The defendant is prohibited from residing within 100 yards of schools and playgrounds and other places where minor children congregate, unless approved by the probation officer.

10.    The defendant shall register, if required by law, with the state sex offender registration agency in any state where the defendant resides, is employed, carries on a vocation, or is a student and shall provide written notification of compliance with this condition as directed by the probation officer.

11.    The defendant shall reside at a residence approved by the probation officer, and shall notify the probation officer at least 30 days prior to any change in residence.

12.    The defendant shall have no contact with minors (in person, by telephone, through correspondence, or a third party) unless approved by the probation officer and the Court.

13.    The defendant shall provide the U.S. Probation Officer with truthful and complete information regarding all computer hardware, software, electronic services, and data storage media to which the defendant has access.

14.    The defendant is prohibited from using or possessing any computer(s) (including any handheld computing device, any electronic device capable of connecting to any on-line service, or any data storage media) without the prior written approval of the U.S. Probation Officer. This includes, but is not limited to, computers at public libraries, Internet cafes, or the defendant's place of employment or education.

15.    The defendant shall submit to a search of his/her computer (including any handheld computing device, any electronic device capable of connecting to any on-line service, or any data storage media) conducted by a U.S. Probation Officer, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn all individuals that have access to defendant's computer that it is subject to search and/or seizure.

16.    The defendant shall participate in the U.S. Probation Office's Computer Monitoring Program. Participation in the Program may include installation of software or hardware on the defendant's computer that allows random or regular monitoring of the defendant's computer use; periodic inspection of defendant's computer (including retrieval, copying, and review of its electronic contents) to determine defendant's compliance with the Program; and restriction of the defendant's computer use to those computers, software programs, and electronic services approved by the U.S. Probation Officer.

17.    The defendant shall have no contact with the victims in this case including MG, HJ, DS, BS, and NS, in person, by telephone, through correspondence or a third party unless approved in advance by the probation officer.

AO 245B       Judgment in a Criminal Case - DISTRICT OF OREGON CUSTOMIZED (Rev. 5/2016)
             Sheet 4A - Probation

DEFENDANT: STEVEN DOUGLAS ROCKETT                             Judgment-Page 5 of 7
CASE NUMBER: 3:13-CR-00557-SI-1

# STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

The Judges of the District of Oregon adopt the following standard conditions of probation and supervised release to apply in every case in which probation and/or supervised release is imposed upon a defendant. The individual judge may impose other conditions deemed advisable in individual cases of probation or supervised release supervision, as consistent with existing or future law.

1. The defendant shall report in person to the probation office for the district to which he or she is released within 72 hours of release from the custody of the Bureau of Prisons.
2. The defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance. Revocation of probation or supervised release is mandatory for illegal possession of a controlled substance.
3. The defendant shall not possess a firearm, destructive, or dangerous device.
4. If the defendant illegally uses drugs or abuses alcohol, has a history of drug or alcohol abuse, or drug use or possession is determined to be an element of the defendant's criminal history or instant offense, the defendant shall participate in a substance abuse treatment program as directed by the probation officer which may include urinalysis testing to determine if the defendant has used drugs or alcohol. In addition to urinalysis testing that may be part of a formal drug treatment program, the defendant shall submit up to eight (8) urinalysis tests per month.
5. The defendant shall submit to a search of his/her person, residence, office or vehicle, when conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn other residents that the premises may be subject to searches pursuant to this condition.
6. The defendant shall not leave the judicial district without the permission of the court or probation officer.
7. The defendant shall report to the probation officer as directed by the court or probation officer, and shall submit a truthful and complete written report within the first five days of each month.
8. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer. The defendant may decline to answer inquiries if a truthful response would tend to incriminate him/her. Such a refusal to answer may constitute grounds for revocation.
9. The defendant shall support his or her dependents and meet other family responsibilities to the best of his or her financial ability.
10. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons.
11. The defendant shall notify the probation officer within 72 hours of any change in residence or employment.
12. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician. If, at any time, the probation officer has reasonable cause to believe the defendant is using illegal drugs or is abusing alcohol, the defendant shall submit to urinalysis testing, breathalyzer testing, or reasonable examination of the arms, neck, face, and lower legs.
13. The defendant shall not knowingly frequent places where controlled substances are illegally sold, used, distributed, or administered.
14. The defendant shall not knowingly associate with any persons engaged in criminal activity, and shall not knowingly associate with any person convicted of a felony, unless granted permission to do so by the probation officer.
15. The defendant shall permit a probation officer to visit him or her at any reasonable time at home or elsewhere, and shall permit confiscation of any contraband observed in plain view by the probation officer.
16. The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer.
17. The defendant shall not enter into any agreement to act as an informant or special agent of a law enforcement agency without the permission of the court.
18. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by his or her criminal record or personal history and characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such a notification requirement. This requirement will be exercised only when the probation officer believes a reasonably foreseeable risk exists or a law mandates such notice. Unless the probation officer believes the defendant presents an immediate threat to the safety of an identifiable individual, notice shall be delayed so the probation officer can arrange for a court hearing and the defendant can obtain legal counsel.

DEFENDANT: STEVEN DOUGLAS ROCKETT
CASE NUMBER: 3:13-CR-00557-SI-1 <span style="float:right">Judgment-Page **6** of 7</span>

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the Schedule of Payments set forth in this judgment.

|  | Assessment (as noted on Sheet 1) | Fine | Restitution | TOTAL |
|---|---|---|---|---|
| **TOTALS** | $800 | $-0- | $TBD within 90 Days | $800 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(I), all non-federal victims must be paid in full prior to the United States receiving payment.

☐ If applicable, restitution amount order pursuant to plea agreement: $_____.

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that

     ☐ The interest is waived for the ☐ fine and/or ☐ restitution.

     ☐ The interest requirement for the ☐ fine and/or ☐ restitution is modified as follows:

AO 245B   Judgment in a Criminal Case - DISTRICT OF OREGON CUSTOMIZED (Rev. 5/2016)
          Sheet 5 - Criminal Monetary Penalties

**EXHIBIT 5**
**Page 7 of 7**

DEFENDANT: STEVEN DOUGLAS ROCKETT
CASE NUMBER: 3:13-CR-00557-SI-1

Judgment-Page 7 of 7

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment[1] of the total criminal monetary penalties shall be as follows:

A. ☒ Lump sum payment of $800 due immediately, balance due
  ☐ not later than _____, or

  ☐ in accordance with ☐ C or ☐ D below; or

B. ☒ Payment to begin immediately (may be combined with ☐ C or ☐ D below); or
C. ☐ If there is any unpaid balance at the time of defendant's release from custody, it shall be paid in monthly installments of not less than $ until paid in full, to commence immediately upon release from imprisonment.
D. ☐ Special instructions regarding the payment of criminal monetary penalties:

☒ Payment of criminal monetary penalties, including restitution, shall be due during the period of imprisonment as follows: (1) 50% of wages earned if the defendant is participating in a prison industries program; (2) $25 per quarter if the defendant is not working in a prison industries program.

It is ordered that resources received from any source, including inheritance, settlement, or any other judgment, shall be applied to any restitution or fine still owed, pursuant to 18 USC § 3664(n).

All criminal monetary penalties, including restitution, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of Court at the address below, unless otherwise directed by the Court, the Probation Officer, or the United States Attorney.

   **Clerk of Court**
   **U.S. District Court - Oregon**
   **1000 S.W. 3rd Ave., Ste. 740**
   **Portland, OR 97204**

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ **Joint and Several**

| Case Number Defendant and Co-Defendant Names (including Defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|
| | | | |

☐ The defendant shall pay the cost of prosecution.
☐ The defendant shall pay the following court costs:
☒ The defendant shall forfeit the defendant's interest in the following property to the United States:

**See Preliminary Order of Forfeiture and Final Order of Forfeiture filed with this Judgment.**

---

[1] Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.