UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

N.S.,

                      Plaintiff,

v.

STEVEN DOUGLAS ROCKETT,

                      Defendant.

Case No.: 3:16-CV-2171-AC

FINDINGS AND RECOMMENDATION

_____

ACOSTA, Magistrate Judge:

*Introduction*

Plaintiff N.S. ("N.S."), a minor at the time of filing, brings this lawsuit against defendant Steven Douglas Rockett ("Rockett"), under 18 U.S.C. § 2255 (2016) ("Masha's Law"). This court previously convicted Rockett of attempting to produce child pornography in violation of U.S.C. § 2251(a) and (e). N.S., the victim of that violation, alleges in her complaint ("Complaint") that Rockett's violation resulted in her personal injury, entitling her to recover an award of $150,000 in damages in accordance with Masha's Law. Currently before the court are N.S.'s motion for

PAGE 1 - FINDINGS AND RECOMMENDATION

summary judgment ("Plaintiff's Motion"), (Pl.'s Mot. For Summary Judgment, ECF No. 12, ("Pl.'s Mot.")), and Rockett's motion to dismiss ("Defendant's Motion"). (Def.'s Mot. to Dismiss, ECF No. 20, ("Def.'s Mot.")).) Because no genuine issue of material fact exists as to whether Rockett violated 18 U.S.C. § 2251(e), and, therefore, is liable under Masha's Law, Rockett's motion to dismiss should be denied and N.S.'s motion for summary judgment should be granted.

*Background*

N.S. alleges the following facts in the Complaint. Between approximately 2004 and 2011, when N.S. was between five and twelve years old, Rockett "performed numerous, repeated, and frequent criminal sexual acts upon her, including oral sodomy, anal and vaginal rape, touching of her sexual and other intimate parts, and photographing or visually recording her in the nude and engaging in sexual acts." (Compl., ECF No. 1, ¶6.)

In 2013, in an online Facebook message exchange, Rockett "attempted to convince [then fourteen-year-old N.S.] to photograph herself in a sexually suggestive pose using her cell phone camera and to send the photograph to him." (*Id.* at ¶ 7.) When N.S. responded that her phone had been stolen, Rockett offered to replace it. (*Id.*) He wrote, however, that she would have to accompany him to obtain the new phone, which N.S. "understood to mean that she would need to engage in additional sexual acts with [Rockett]." (*Id.*) N.S. replied she would "just go without one I don't want to do that stuff again. . . . I have nightmares cus of it and I cry myself to sleep a lot since then . . . ." (*Id.*)

In March 2015, a state criminal jury convicted Rockett of two counts each of sodomy in the second degree, rape in the second degree, sexual abuse in the second degree, and using a child in a display of sexually explicit conduct for some of the abuse he inflicted on N.S. (Compl. ¶ 8.)

PAGE 2 - FINDINGS AND RECOMMENDATION

In May 2016, a federal criminal jury convicted Rockett of attempted production of child pornography, in violation of 18 U.S.C. § 2251(a) and (e).

N.S. filed the instant case on November 15, 2016, seeking to recover civil damages under 18 U.S.C. § 2255 for the harm she suffered as a result of Rockett's 2013 solicitation of pornographic images of her while she was a minor. She now moves for summary judgment, and Rockett moves to dismiss for failure to state a claim.

*Preliminary Procedural Issues*

I.   Judicial Notice

In support of her motion for summary judgment, N.S. asks the court to take judicial notice of several documents filed in Rockett's prior federal criminal case, including the charging documents, the government's trial memorandum, transcripts of trial testimony, the jury verdict, and several trial exhibits, including one comprising Rockett's state court judgment of conviction. (Pl.'s Mot., at 2–3.)

Under Federal Rule of Evidence 201, a court may take judicial notice of a fact "that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201 (2018). Courts may judicially notice "undisputed matters of public record" and "documents on file in federal or state courts" to determine "what issues were actually litigated" before that court. *Harris v. County of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (citing *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (citing *Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002).

PAGE 3 - FINDINGS AND RECOMMENDATION

The court filings at issue, though some are sealed to the public, are undisputed, verifiable matters of public record and, therefore, are appropriate subjects for judicial notice. *See Reyn's Pasta Bella*, LLC, 442 F.3d at 746 n.6 (holding documents filed under seal properly may be judicially noticed when they are "readily verifiable"). However, not all the documents sought to be noticed are necessary or relevant to N.S.'s claim. The charging instruments, jury verdict, and federal judgment of conviction all are relevant to the claim here because they relate to whether Rockett's 2016 federal criminal conviction qualifies as a predicate offense sufficient to impose civil liability under 18 U.S.C. § 2255. Additionally, because Rockett disputes N.S.'s offensive assertion of collateral estoppel related to his conviction, the trial transcript is relevant to whether Rockett had an opportunity to fully and fairly litigate his criminal case. Therefore, the court judicially notices only these relevant documents.

## II.   Discovery or Stay Request

Additionally, in his response to N.S.'s motion for summary judgment, Rockett requests that the court deny the motion because N.S. has not yet responded to his discovery requests and, in the alternative, requests a stay until further discovery occurs. (Def.'s Resp., ECF No. 31, at 7). Construing Rockett's *pro se* response liberally, the court interprets this request as a motion to stay the proceedings.

The court previously decided this request in a July 19, 2017 order, staying "all discovery until the court's resolution of Plaintiff's motion (15) for summary judgment and Defendant's motion (20) to dismiss. In light of Defendant's conviction under 18 U.S.C. § 2251, both motions present purely legal questions regarding the interpretation of 18 U.S.C. 2255." (July 19, 2017 Minute Order, ECF No. 37.) Because both motions turn on legal, not factual, questions, factual discovery is unnecessary

PAGE 4 - FINDINGS AND RECOMMENDATION

and unwarranted at this stage in the proceedings, and the reasoning in the July 19, 2017 order remains valid. Accordingly, Rockett's requests for additional discovery or a stay is denied.

*Legal Standard*

I.   Motion to Dismiss

Federal Rules of Civil Procedure ("Rule") 8(a) governs pleadings filed in federal court and calls for "a short and plain statement of the claim showing that the pleader is entitled to relief." A motion to dismiss premised on Rule 12(b)(6) argues that the allegations in the Complaint are insufficient to state a claim for relief. Pleadings must provide sufficient facts to give proper notice of the claim and its basis. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While pleadings need not contain "detailed factual allegations, . . . labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* Though a claim "may proceed even if it strikes a savvy judge that actual proof of [necessary] facts is improbable," *id.* at 556, "further factual enhancement" is necessary to push the claim over "the line between possibility and plausibility." *Id.* at 547. "[L]egal conclusions can provide the framework of a complaint, [but] they must be supported by factual allegations," which a court should assume to be true in "determin[ing] whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 669 (2009). Although the court must assume all facts asserted in a pleading to be true, legal conclusions in a complaint are not entitled to a presumption of truth. *Id.* at 679.

On a motion to dismiss for failure to state a claim, the court may consider only the pleadings themselves, exhibits that are physically attached to the complaint, and matters of which the court may take judicial notice. *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). The court generally must "accept all allegations in the complaint are true and draw all reasonable inferences

PAGE 5 - FINDINGS AND RECOMMENDATION

in favor of the nonmoving party." *Dahlia v. Rodriguez*, 753 F.3d 1060, 1066 (9th Cir. 2013). "[F]or a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inference from that content must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). A district court may not consider any material outside of the pleadings when ruling on a Rule 12(b)(6) motion. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

II.   Summary Judgment

Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). Summary judgment is not proper if material factual issues exist for trial. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995).

The moving party has the burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. *Id.* at 324. A nonmoving party cannot defeat summary judgment by relying on the allegations in the complaint, or with unsupported conjecture or conclusory statements. *Hernandez v. Spacelabs Med., Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003). Thus, summary judgment should be entered against "a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

The court must view the evidence in the light most favorable to the nonmoving party. *Bell v. Cameron Meadows Land Co.*, 669 F.2d 1278, 1284 (9th Cir. 1982). All reasonable doubt as to

PAGE 6 - FINDINGS AND RECOMMENDATION

the existence of a genuine issue of fact should be resolved against the moving party. *Hector v. Wiens*, 533 F.2d 429, 432 (9th Cir. 1976). Where different ultimate inferences may be drawn, summary judgment is inappropriate. *Sankovich v. Life Ins. Co. of N. Am.*, 638 F.2d 136, 140 (9th Cir. 1981).

However, deference to the nonmoving party has limits. The nonmoving party must set forth "specific facts showing a *genuine* issue for trial." FED. R. CIV. P. 56(e) (emphasis added). The "mere existence of a scintilla of evidence in support of the plaintiff's position [is] insufficient." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Therefore, where "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks omitted).

*Discussion*

I.  Defendant Rockett's Motion to Dismiss

N.S. seeks to recover under Masha's Law, which provides a civil remedy for personal injuries caused by sexual exploitation of children. 18 U.S.C. § 2255. The law, in relevant part, states: "Any person who, while a minor, was a victim of a violation of section 1589, 1590, 1591, 2241(c), 2242, 2243, 2251, . . . [etc.] and who suffers personal injury as a result of such violation . . . may sue in any appropriate United States District Court and shall recover the actual damages such person sustains . . . ." 18 U.S.C. 2255(a).

Masha's Law was enacted in 2006 as part of the Adam Walsh Child Protection and Safety Act of 2006, an update to a 1986 law, tripling the civil statutory damages recoverable for victims of child sexual exploitation from $50,000 to $150,000. *See* James R. Marsh, *Masha's Law: A Federal*

PAGE 7 - FINDINGS AND RECOMMENDATION

*Civil Remedy for Child Pornography Victims*, 61 SYRACUSE L. REV. 459, 460, 471 (2011). In drafting the 1986 Child Abuse Victims' Rights Act, the precursor to Masha's Law, the Attorney General's Commission on Pornography held hearings, noting the "inseparable relationship between child pornography and child abuse," and finding that "child pornography is extraordinarily harmful both to the children involved and to society." Marsh, *supra* at 473 (citing Dep't of Justice, 1 Attorney General's Comm'n on Pornography: Final Report 417 (1986)). Among the other 2006 changes to the law were expansions to permit adults who were victims of sexual exploitation as children to sue both those who initially committed the exploitation, in addition to those who perpetuated the exploitation by distributing and possessing child sex abuse images. *Id.* at 472.

To establish liability under Masha's Law, a plaintiff must prove she was a victim of the defendant's violation of one of the specified federal criminal child pornography or child exploitation statutes, and that she suffered personal injury as a result of the violation. 18 U.S.C. § 2255(a).

In her complaint, N.S. alleges that she was a victim of Rockett's violation of 18 U.S.C. § 2251, one of the enumerated felonies in 18 U.S.C. § 2255, and that she suffered personal injury as a result. Rockett moves to dismiss the complaint on three independent grounds. First, he argues the claim is untimely under the applicable statute of limitations. Second, he asserts N.S. fails to state a cognizable claim for relief because Rockett was convicted only of an attempt to violate 18 U.S.C. § 2251, which he argues cannot serve as a predicate offense for recovery under Masha's Law. Finally, he contends N.S. does not plead facts sufficient to state that she suffered personal injury.

  A. *Statute of limitations*

Rockett contends "any claims or allegations before November 15, 2014 [are] time barred" under Oregon's two-year statute for personal injury, ORS 12.110. (Def.'s Mot., at 4.)

"[W]hen a federal statute lacks a specific statute of limitations, we generally presume that Congress intended to 'borrow' the limitations period from the most closely analogous action under state law." *Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 836 (9th Cir. 2002) (quoting *Reed v. United Transp. Union*, 488 U.S. 319, 324 (1989)). Masha's Law, however, is one federal statute that contains a specific statute of limitations, providing that "any action commenced under this section shall be barred unless the complaint is filed within 10 years after the right of action first accrues or in the case of a person under a legal disability, not later than three years after the disability." 18 U.S.C. § 2255(b).[1]

N.S.'s Masha's Law claim is based on conduct that occurred in 2013, at which point, the claim first accrued. Under Masha's Law's 10-year statute of limitations, she had until 2023 to file the instant action. She did so on November 15, 2016. As such, N.S.'s Complaint was filed timely.

  *B.*  *Predicate offense*

Rockett next asserts that because Masha's Law applies to a "person who, while a minor, was a victim of a *violation* of" 18 U.S.C. § 2251, Congress intended solely completed violations — not mere attempts — of § 2251 to prompt recovery for victims. 18 U.S.C. § 2255(a) (emphasis added). An attempted violation of a predicate offense, he claims, does not invoke Masha's Law's protection. He therefore argues that because he was convicted of only attempting to commit 18 U.S.C. § 2251(a) and (e), he is not civilly liable.

That argument is unavailing for several reasons. With respect to the specific predicate

---

[1] Masha's Law since has expanded that limit to allow recovery up to ten years after reaching age of majority, or ten years after the victim reasonably discovers the "violation" or "injury" that forms the basis for their claim. 18 U.S.C. § 2255(b) (effective February 14, 2018). However, this change does not affect the analysis here.

PAGE 9 - FINDINGS AND RECOMMENDATION

offense at issue here, 18 U.S.C. § 2251, the line between inchoate and completed offense is blurred. 18 U.S.C. § 2251(a) states,

> any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in . . . any sexually explicit conduct for the purpose of producing any visual depiction of such conduct . . . shall be punished as provided under subsection (e), if such person knows or has reason to know that such visual depiction will be . . . transmitted using any means . . . of interstate . . . commerce . . . .

18 U.S.C. § 2251(e) provides that "any individual who violates, or attempts . . . to violate, this section shall be fined under this title and imprisoned not less than 15 years nor more than 30 years . . . ."

Subsection 2251(a) criminalizes enticing or coercing a minor to engage in sexually explicit conduct; it does not require that the victim in fact engage in the sexually explicit conduct the defendant coerces. Thus, regardless of how Rockett's criminal charging instrument framed his conduct, based on N.S.'s allegations here, he appears to have committed a completed violation of § 2251(a). Importantly, Masha's Law does not require a defendant to have been criminally convicted of the predicate offense. It is enough that the civil claimant prove by a preponderance of the evidence that the defendant violated the enumerated statute. *Prewett v. Weems*, 749 F.3d 454, 458 (6th Cir. 2014); *see also Smith v. Husband*, 376 F. Supp. 2d 603, 611–12 (E.D. Va. 2005) (examining legislative history to conclude Congress had intended § 2255 to provide a remedy for victims even absent a criminal conviction); *Doe v. Liberatore*, 478 F. Supp. 2d 742, 755 (M.D. Pa. 2007) (adopting *Smith*'s Congressional findings); *Cisneros v. Aragon*, 485 F.3d 1226, 1232 (10th Cir. 2007) ("assum[ing] that a criminal conviction is not necessary for a defendant to face civil liability under" Masha's Law); *Doe v. Schneider*, 667 F. Supp. 2d 524, 529–530 (E.D. Pa. 2009) (requiring only that proper predicate statute violation is alleged in the complaint, along with

PAGE 10 - FINDINGS AND RECOMMENDATION

supporting facts); *cf. U.S. v. Zirus*, No. 5:10-CV-1044-XR, 2011 WL 4526809, at *2 (W.D. Tex. Sept. 28, 2011) (holding that a defendant convicted only of state, but not federal, child sex abuse charges nevertheless could be liable under Masha's Law because he "need only have committed the elements of [the analogous federal predicate] offense").

Here, the complaint alleges that Rockett "attempted to convince [fourteen-year-old N.S.] to photograph herself in a sexually suggestive pose . . . and to send the photograph to him," offering a new cell phone in return. (Compl. ¶ 7.) That allegation alone is enough to support that Rockett enticed N.S. to display herself in a sexually explicit manner for the purpose of producing an image of that conduct, *i.e.*, a completed § 2251(a) offense. That prosecutors chose to charge Rockett with only attempt does not alter the court's analysis under Masha's Law.

Even if the allegations in the complaint are sufficient only to state that Rocket attempted to violate § 2251(a), that, too, would be sufficient to support recovery under Masha's Law. Under the plain language of § 2251(e), the mere attempt to violate § 2251(a) is punished with the same stringency as a completed violation. Through incorporation, therefore, even an attempted violation of § 2251(a) constitutes a completed violation of § 2251(e). Such a violation likely would on its face constitute a predicate offense sufficient to support a claim under Masha's Law, which requires only a violation of any one of § 2251's subsections. That is, by attempting to violate § 2251(a), Rockett did violate § 2251(e). Under a strict reading of the two subsections, even the latter violation alone is enough to warrant recovery under Masha's Law.

Yet even under a broader reading, based on the structural context of § 2251, the statute as a whole "clearly proscribes the attempt to manufacture child pornography." *United States v. Raney*, 342 F.3d 551, 561 (7th Cir. 2003). In *United States v. Raney,* the Seventh Circuit examined the

PAGE 11 - FINDINGS AND RECOMMENDATION

relationship between § 2251(a) and (e) after Raney, like Rockett, was convicted of attempting to violate § 2251(a) and (e). *Id.* at 560. Raney argued the "charging" language of subsection (a) and the "punishment" language of subsection (e) should be treated as separate offenses, and that because the word "attempt" does not appear in subsection (a), he did not violate § 2251 by merely attempting to manufacture child pornography. *Id.* at 560–61.

> The court rejected that interpretation:
>
> Under the plain reading of § 2251, it is a violation of the statute to manufacture child pornography, to conspire to manufacture child pornography, or to attempt to manufacture child pornography. . . . Other courts that have had occasion to construe § 2251 have concluded that it plainly proscribes not only the manufacture of child pornography, but also the inchoate crimes of attempt and conspiracy. *See United States v. Crow*, 164 F.3d 229, 234–35 (5th Cir. 1999) (recognizing that "[subsection (e)] provides punishment for 'any individual who violates, or attempts or conspires to violate' this section.") (quoting pre–2003 amendment version of 18 U.S.C. § 2251(d)); *United States v. Buculei*, 262 F.3d 322, 328–30 (4th Cir. 2001) (observing that simply because the defendant was unsuccessful in his attempt to actually produce a visual depiction of sexually explicit conduct with a minor does not mean that he did not violate § 2251). And while neither *Crow* nor *Buculei* is dispositive, similar challenges to nearly identical statutory schemes have failed. *See, e.g.,* 18 U.S.C. § 1751 (proscribing in subsection (a) the killing of the President of the United States and in subsection (c), amid punishment-related language, anyone from attempting to kill the President); *United States v. Duran*, 96 F.3d 1495, 1507–09 (D.C. Cir.1996) (upholding charge of an attempt to kill the President under these two subsections). We therefore hold that § 2251 clearly proscribes the attempt to manufacture child pornography . . . .

*Id.* (some internal citations omitted).

Finally, the legislative purpose and development of Masha's Law and its precursors support that Congress intended for civil recovery under § 2255 to be expansive and inclusive, to protect victims of child sexual exploitation. As the Sixth Circuit in *Prewett* recognized, "[c]hild abuse injures its victims no less seriously when the conduct does not lead to a successful criminal prosecution than when it does." *Prewett*, 749 F.3d at 459. So too for a defendant's culpability for

PAGE 12 - FINDINGS AND RECOMMENDATION

an attempted crime foiled only by a victim's reticence. That premise is evidenced by § 2251(e)'s equal treatment of completed and attempted violations of the section.

The instant case is no exception. That N.S. did not heed Rockett's request to photograph herself, and thus avoided becoming a victim of the completed intended offense, has no bearing on Rockett's culpability and should have no bearing on his civil liability under Masha's Law. Any interpretation to the contrary would ignore the "inseparable relationship between child pornography and child abuse," and run contrary to Congress's intent in passing and repeatedly expanding the law. Thus, the crime of attempted production of child pornography under § 2251 qualifies as a predicate "violation" under Masha's Law.

C. *Personal injury*

Lastly, Rockett moves to dismiss on the grounds the Complaint fails to state the nature of the personal injury N.S. suffered because of his 18 U.S.C. § 2251 violation. Rockett asserts that N.S. fails to "give some specific facts of what [her] personal injuries are," sufficient to show that she suffered personal injury by his attempt to produce child pornography. (Def.'s Mot., at 3.)

Masha's Law grants relief to any person "who suffers personal injury as a result of [the predicate] violation . . . ." 18 U.S.C. § 2255. Those "separate references to 'victim' and 'personal injury,' do[] not create one category of victims and another category of people who suffer from personal injuries." *Doe v. Boland*, 698 F.3d 877, 881 (6th Cir. 2012).

The personal injury Masha's Law contemplates can arise in myriad ways; it does not require that a perpetrator actually take and distribute a sexually exploitative photograph of a victim. In *Doe v. Boland*, for example, two child victims adequately pleaded personal injury sufficient to recover under Masha's Law after the defendant digitally manipulated photos of the children, transforming

PAGE 13 - FINDINGS AND RECOMMENDATION

their innocent images into sexually graphic ones. *Doe v. Boland*, 698 F.3d 877, 880–81 (6th Cir. 2012). Boland never distributed the photos, which were shown only in the courtroom. *Id.* at 884. Still, the court construed Masha's Law's personal injury requirement broadly:

> A victim by definition is someone who suffers an injury. . . . That definition also comports with the common understanding of what it means to be a "victim." *See, e.g.,* Webster's Second Int'l Dictionary 2841 (1953) ("A person or living creature injured ... at the hands of another person."); Black's Law Dictionary (9th ed. 2009) ("A person harmed by a crime, tort, or other wrong."); Oxford English Dictionary Online (3d ed. 2012) ("One who suffers some injury, hardship, or loss."). [The plaintiffs] undoubtedly were victims of Boland's conduct. So too they undoubtedly suffered personal injuries by any conventional reading of that phrase.

*Id.* at 882.

N.S. undoubtedly was a victim of Rockett's conduct. Again, N.S.'s refusal to actually send Rockett the photos he desired in no way precludes that she suffered personal injury as a result of his illicit requests, regardless of whether any sexually explicit photograph was in fact produced. As illustrated in *Boland*, Masha's Law makes clear that any victim of a predicate violation has, by virtue of that victimhood, suffered personal injury under § 2255.

To conclude, N.S. plausibly alleges that she was a victim of Rockett's § 2251 violation and suffered personal injury as a result. She therefore states a claim under § 2255 and, accordingly, Rockett's motion to dismiss should be denied.

II.     Plaintiff N.S.'s Motion for Summary Judgment

Having determined that N.S.'s complaint meets Rule 12's pleading requirement by plausibly stating a claim under Masha's Law, the court next must assess the claim under Rule 56's summary judgment standard, considering whether any genuine issue of material fact exists that would preclude judgment as a matter of law.

N.S. moves for summary judgment, arguing no such factual issue exists because Rockett is

PAGE 14 - FINDINGS AND RECOMMENDATION

estopped from relitigating whether he committed the predicate offense because the issue of his guilt previously was adjudicated by a federal criminal jury. (*See United States v. Steven Douglass Rockett*, Case No. 3:13-CR-00557-SI). Rockett responds by reasserting his arguments that his conviction does not constitute a predicate violation under Masha's Law and that N.S. fails to show personal injury. He also advances an additional, new argument: that N.S. should not be permitted to use offensive collateral estoppel because his conviction is currently under appeal and, therefore, could result in this court basing its ruling on a prior judgment that is reversed in the future.

"Issue preclusion, or collateral estoppel, 'bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim.'" *Garity v. APWU*, 828 F.3d 848, 865 n.8 (9th Cir. 2016) (citing *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008)). "[T]he principle is simply that later courts should honor the first actual decision of a matter that has been actually litigated." 18 C. Wright, A. Miller, & E. Cooper, FEDERAL PRACTICE AND PROCEDURE § 4416 (3d ed. 1998). "Collateral estoppel . . . serves to 'relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication.'" *U.S. v. Mendoza*, 464 U.S. 154, 158, (1984) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). Courts have broad discretion to determine when offensive collateral estoppel should be applied. *Parklane Hosiery v. Shore*, 439 U.S. 322, 331 (1979).

Collateral estoppel may also be applied in the criminal context. The criteria for when collateral estoppel can be asserted in regard to a previous criminal case are:

> (1) the prior conviction must have been for a serious offense so that the defendant was motivated to fully litigate the charges; (2) there must have been a full and fair trial to prevent convictions of doubtful validity from being used; (3) the issue on which the prior conviction is offered must of necessity have been decided at the

PAGE 15 - FINDINGS AND RECOMMENDATION

criminal trial; and (4) the party against whom the collateral estoppel is asserted was a party or in privity with a party to the prior trial.

*Ayers v. City of Richmond,* 895 F.2d 1267, 1271 (9th Cir. 1990)). Generally, if the defendant in the case before the court was also the defendant in a prior criminal case involving a serious offense, he "not only [had] the opportunity, but also the motive to defend fully." 2 MCCORMICK ON EVID. § 298 (7th ed.) Further, since "a criminal judgment requires significantly more reliable evidence than a [civil] judgment," the guilt was shown even with "a heavier burden of proof." *Id.*

Applying the *Ayers* factors here, first, the prior conviction was a serious offense, the felony of attempted production of child pornography, which carried a significant prison sentence. Rockett, with the assistance of his counsel, therefore, had abundant incentive to fully defend himself in the criminal suit, because his liberty was at stake. Second, there was a full and fair trial on the merits in the previous case. Third, the issue for which Rockett's prior conviction is offered — whether Rockett attempted to violate § 2251(a) and (e) — was the specific issue litigated at trial and decided by the jury. Finally, Rockett was the defendant in the prior trial, and the party against whom collateral estoppel is here asserted.

As to Rockett's contention that offensive collateral estoppel should not be allowed here based on his appeal, the court already has rejected this argument in the context of his prior motion to stay this case. The court concluded that "the potential for Rockett to prevail in his criminal appeals [wa]s an insufficient basis for staying this lawsuit." (Opinion and Order on Motion to Compel and Motion to Stay, ECF No. 12, at 8.) It is likewise an insufficient basis to disallow the introduction of his criminal conviction to prove the predicate offense necessary for the complaint to succeed. *See Collins v. D.R. Horton,* 505 F.3d 874, 882 (9th Cir. 2007) ("[A] final judgment retains its collateral

estoppel effect, if any, while pending appeal.").

Based on the trial transcript, Rockett had a "full and fair opportunity" to defend himself in the prior criminal case against him, which required significant reliable evidence for the jury to convict him of the predicate offense. Therefore, the court exercises its discretion to apply collateral estoppel as to the issue of Rockett's § 2251 conviction.

"Under the judicially-developed doctrine of collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision is conclusive in a subsequent suit based on a different cause of action involving a party to the prior litigation." *Mendoza*, 464 U.S. at 158 (citing *Montana v. U.S.*, 440 U.S. 147, 153 (1979)).

Therefore, the earlier judgment on Rockett's violation of U.S.C. § 2251(a) and (e) is admissible in this civil claim and this court must give it preclusive effect on the issue of Rockett's violation of 18 U.S.C. § 2251 as an element of Masha's Law. "In the case of a [prior] criminal conviction based on a jury verdict of guilty, issues which were essential to the verdict must be regarded as having been determined by the judgment," entitling "plaintiffs [] to introduce the prior judgment to establish prima facie all matters of fact and law necessarily decided by the conviction and the verdict on which it was based." *Howard v. I.N.S.*, 930 F.2d 432, 434 (5th Cir. 1991) (quoting *Emich Motors v. General Motors*, 340 U.S. 558, 568 (1951)).

To recover under Masha's Law, N.S. must show she was a victim of Rockett's 18 U.S.C. § 2251 violation and that she suffered personal injury from that violation. Rockett's prior criminal conviction establishes he violated § 2251. As the court's discussion in Part I, *supra*, explains, N.S., the victim of that violation, suffered personal injury. Even construing the facts in the light most favorable to Rockett, he fails to rebut N.S.'s showing that there are no genuine issues of material fact

PAGE 17 - FINDINGS AND RECOMMENDATION

that would preclude summary judgment here. Therefore, N.S. is entitled to judgment as a matter of law.

*Conclusion*

For the reasons stated above, Rockett's Motion to Dismiss, (ECF No. 20), should be DENIED, N.S.'s Motion for Summary Judgment, (ECF No. 15), should be GRANTED, and judgment should be ENTERED in favor of N.S.

*Scheduling Order*

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen days after service of this Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within fourteen days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 19th day of October, 2018.

JOHN V. ACOSTA
United States Magistrate Judge

PAGE 18 - FINDINGS AND RECOMMENDATION